IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 1:23CR17 |
| ) | |
| Plaintiff, ) | JUDGE DAVID A. RUIZ |
| ) | |
| v. ) | JOINT MOTION TO CONTINUE TRIAL |
| ) | DATE AND TO EXCLUDE TIME |
| ) | |
| JUGOSLAV VIDIC, ) | |
| ) | |
| Defendant. ) | |

    Now comes the United States of America, by and through counsel, Michelle M. Baeppler, First Assistant United States Attorney for the Northern District of Ohio, Kenneth A. Polite, Jr., Assistant Attorney General for the Criminal Division, United States Department of Justice, Matthew Shepherd and Jerome J. Teresinski, Assistant United States Attorneys for the Northern District of Ohio, and Patrick Jasperse, Trial Attorney for the Human Rights and Special Prosecution Section, Criminal Division, United States Department of Justice, and respectfully moves this Court to continue the status conference currently set for June 7, 2023, for approximately 90 days.  Further, the United States requests that the Court find that the time between the date of this motion and the new status conference be excluded from the calculation of the requirements of the Speedy Trial Act.  The undersigned has consulted with Attorney Daniel J. Misiewicz, counsel for defendant Jugoslov Vidic, and he joins in this motion.  In support of this motion, the government avers the following:

    1.    On January 11, 2023, the grand jury returned a two-count sealed indictment (the "Indictment") charging Vidic with Fraud and Misuse of Visas, Permits and Other Documents in violation of 18 U.S.C. § 1546(a), and making False Statements to Law Enforcement, in violation of 18 U.S.C. § 1001(a)(2).  (R. 1: Indictment).  Vidic was arrested on January 26, 2023, and was

arraigned that same day. Trial was originally scheduled for March 20, 2023. After the parties jointly moved to continue the trial date, the Court set a status conference for June 7, 2023.

2. Since the status conference was scheduled, the government has continued to provide discovery to defense counsel. The government has provided extensive discovery, much of it including evidence obtained from foreign countries. The underlying conduct involved in the charges occurred over 30 years ago during the war in the former Yugoslavia, which makes this case more complex than the average case. Defense counsel will require significant time to fully investigate the facts and circumstances of these events and prepare for trial. Although Vidic speaks some English, he requires an interpreter for detailed discussions. This requires additional time for him to consult with his attorney. The prosecution also has implications for Vidic's immigration status, which requires additional time to research and investigate.

3. The parties have met on several occasion to discuss issues related to the case and to engage in plea negotiations. It is premature at this time to know whether those negotiations will be successful. Continuing the pretrial conference for approximately 90 days will allow the parties to better inform the Court about the status of the case so that the Court can appropriately schedule future proceedings.

4. In conclusion, based on the amount of discovery, the complexity of the case, the location of potential evidence and witnesses in foreign countries, the additional time it takes for defense counsel to consult with Vidic, the need for time to engage in negotiations to attempt to resolve the case, and the time needed to prepare for trial, the parties assert that a continuance is appropriate because "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

WHEREFORE, the government, jointly with counsel for the defendant, respectfully requests that the Court continue the status conference in this matter currently scheduled for June 7, 2023, for approximately 90 days, and that the Court find that the time from the date of this motion to the new status conference date be excluded from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(7)(A).

Further, the government requests that the Court specifically find for the reasons identified in this motion that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

MICHELLE M. BAEPPLER
First Assistant United States Attorney

By:  /s/ Matthew W. Shepherd
Matthew W. Shepherd (OH: 0074056)
Jerome J. Teresinski (PA: 66235)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3859
(216) 685-2378 (facsimile)
Matthew.Shepherd@usdoj.gov
Jerome.Teresinski2@usdoj.gov

KENNETH A. POLITE, JR.
Assistant Attorney General

Patrick Jasperse (DC: 986804)
Trial Attorney
U.S. Department of Justice
Criminal Division
Human Rights and Special Prosecutions Section
1301 New York Ave., NW
Washington, DC 20530
(202) 616-8917
patrick.jasperse@usdoj.gov

/s/ Daniel J. Misiewicz
Daniel J. Misiewicz (0078106)
323 West Lakeside Avenue, Suite 200
Cleveland, Ohio 44113
O:     216.319.5657
F:     216.664.6999
daniel@djmlawoffices.com